IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


WILLIAM A. LARUE,

        Petitioner,

v.                                      Civil Action No. 3:06cv82
                                               (Judge Bailey)

WARDEN TERESA WAID,

        Respondent.


## OPINION/REPORT AND RECOMMENDATION

On August 9, 2006, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On September 19, 2006, the undersigned conducted a preliminary review of the file and determined that summary dismissal of the petition was not warranted at that time. Therefore, the respondent was directed to file a response and did so on November 6, 2006. After the issuance of a Roseboro Notice,[1] the petitioner filed several documents in opposition to the respondent's motion.[2] On November 14, 2006, the respondent filed a reply to the petitioner's first response to the motion to dismiss, to which the petitioner filed an additional response on December 4, 2006.

The petitioner has also filed numerous motions and other documents in support of his case.

---

[1] See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (the Court has a mandatory duty to advise a pro se litigant of his right to file responsive material to a motion to dismiss, and to alert him to the fact that the failure to respond may result in the entry of an order of dismissal against him).

[2] See dckt. 63 (Affidavit of William LaRue); dckt. 64 (Reply to Respondent's Response); dckt. 66 (Motion to Dismiss Respondent's Motion to Dismiss as Untimely); dckt. 67 (Objections to Respondent's Motion to Dismiss as Untimely); dckt. 68 (Objections to Respondent's Motion to Dismiss); dckt. 71 (Response in Opposition to the Respondent's Motion to Dismiss as Untimely); dckt. 73 (Second Response to Motion to Dismiss Petition as Untimely Filed).

The following motions filed by the petitioner will also be addressed herein:

(1) Motion for Summary Judgment (dckt. 36);

(2) Motion to Alter or Amend Judgment (dckt. 58);

(3) Motion to Dismiss Respondent's Motion (dckt. 66);

(4) Motion for Temporary Restraining Order (dckt. 76); and

(5) Motion for Jury Trial (dckt. 78).

## I.  Procedural History

### A.  Petitioner's Conviction and Sentence

According to the pleadings, on March 22, 2000, a jury sitting in the Circuit Court of Monongalia County, West Virginia, convicted the petitioner of one of count nighttime burglary, two counts of forgery and two counts of uttering. On July 10, 2000, the petitioner was sentenced to an aggregate term of three to thirty-five years. Petitioners' direct appeal was refused by the West Virginia Supreme Court of Appeals ("WVSCA") on May 3, 2001. Petitioner did not file a writ of certiorari with the United States Supreme Court.

On December 13, 2001, the petitioner filed a petition for post-conviction habeas corpus relief in the Circuit Court of Hampshire County. That case was transferred to the Circuit Court of Monongalia County on January 3, 2002. Petitioners' state habeas petition was denied on the merits on May 5, 2003. The petitioner's direct appeal of that decision was denied by the WVSCA on January 5, 2004.

On August 4, 2006, the petitioner filed a second habeas corpus petition in state court. The Circuit Court of Monongalia County summarily denied the petitioner's second state habeas petition on September 14, 2006.

**B. The Respondent's Motion to Dismiss**

In the motion to dismiss, the respondent asserts that the petition is untimely filed and therefore due to be summarily dismissed. In support of this claim, the respondent asserts that the petitioner's conviction and sentence became final on July 24, 2001. The respondent asserts that the petitioner's one year time limitation under 28 U.S.C. § 2244(d)(2) began to run on July 25, 2001 and continued to run until December 13, 2001, the date on which petitioner filed his first state habeas petitioner. The respondent acknowledges that the one-year limitation period was tolled during the pendency of the petitioner's first state habeas proceedings. Nonetheless, the respondent asserts that the petitioner's one-year limitation period began running at the close of those proceedings and expired on August 16, 2004. Thus, the instant petition, filed on August 9, 2006, is clearly untimely.

**C. The Petitioner's Reply**

In response to the respondent's motion, the petitioner filed several responses, objections and other documents in response to the respondent's motion. From those documents, it appears that petitioner concedes that his federal habeas petition was not timely filed, but that the Court should review the merits of his petition for the following reasons:

(1) he filed a civil rights case in this court on March 26, 2004, pertaining to the state court's denial of his transcripts which should serve to toll the one-year limitation period;

(2) the undersigned Magistrate Judge found on September 19, 2006, that the petition was not subject to summary dismissal;

(3) that he is not schooled in the law, nor experienced in criminal appellate procedures and that therefore, the untimeliness of the petition should be excused;

(4) the Court has a mandatory duty to hold his complaint to less strict standards;

(5) had he known that his claims were subject to a one-year statute of limitations he would have insured that such limitations period was met; and

(6) he is uneducated and imprisoned and he does not have anyone to help him learn the law and understand how the rules work.

## D. The Respondent's Response

In response, the respondent asserts that the civil rights complaint that petitioner filed in March of 2006 could not serve to toll the timeliness of the instant petition, even if petitioner had properly filed it as a § 2254 petition because applications for federal habeas corpus review are not considered applications for state post conviction or other collateral review within the meaning of § 2244(d)(2) and do not toll the one-year time limitation. See dckt. 64 at 2 (citing Duncan v. Walker, 533 U.S. 167 (2001)).

## II. Analysis

## A. Timeliness of the Petition

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[3] Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Thus, absent any state court post conviction proceeding that would have tolled the federal limitation period,[4] the petitioner had one-year from the date his conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

In this case, the petition is clearly untimely. The petitioner's direct appeal was refused on April 25, 2001. Because the petitioner did not file for a writ of certiorari to the United States Supreme Court, his conviction and sentence became final when the time for doing so -- 90 days -- elapsed. Harris v. Hutchinson, 209 F.3d at 328. Accordingly, the petitioner's conviction and sentence became final on July 25, 2001, and absent any tolling event, petitioner had until July 24, 2002 to timely file his federal habeas petition.

On December 13, 2001, the petitioner filed his first state habeas petition. At that time, 141 days of the one-year limitation expired. The one-year limitation was then tolled until January 5, 2004, the date on which the WVSCA refused the petitioner's direct of appeal of the Order denying his first state habeas petition. Thus, the petitioner's one-year limitation expired 244 days later, or on August 17, 2004, because no event occurred during that time which would have tolled the statute.[5] Accordingly, the petitioner's federal habeas petition, filed on August 9, 2006, almost two

---

[4] 28 U.S.C. § 2244(d)(2).

[5] The respondent is correct that petitioner's civil rights case filed in this Court on March 26, 2004, even if it should have been construed as a § 2254 petition, could not toll the statute of limitations because

5

years after the expiration of his one-year limitation, is clearly untimely.

**B. <u>Equitable Tolling</u>**

Without specifically saying so, it appears that the petitioner is arguing that he is entitled to equitable tolling.

The AEDPA statute of limitations is subject to equitable modifications such as tolling. <u>Harris v. Hutchinson</u>, 209 F.3d at 328-29. However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

In support of his claim for equitable tolling, the petitioner asserts that (1) the undersigned Magistrate Judge found on September 19, 2006, that the petition was not subject to summary dismissal; (2) he is not schooled in the law, nor experienced in criminal appellate procedures and that therefore, the untimeliness of the petition should be excused; (3) the Court has a mandatory duty to hold his complaint to less strict standards; (4) had he known that his claims were subject to a one-year statute of limitations he would have insured that such limitations period was met; and (5) he is uneducated and imprisoned and he does not have anyone to help him learn the law and understand

---

applications for federal habeas corpus review are not considered state post conviction proceedings and do not toll the one-year limitation period. <u>Duncan v. Walker</u>, <u>supra</u>. Moreover, the petitioner's second state habeas petition could not have tolled the statute of limitations because at the time it was filed on August 4 ,2006, the one-year limitation period had already expired and there was nothing left to toll. See <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000).

how the rules work.

As to ground one, upon a preliminary review, the undersigned determined that the petition was not subject to summary dismissal *at that time*. However, the Court did not have the state court record before it at that time. Since that time, however, the respondent has made a proper motion based upon the perceived untimeliness of the petition and has attached copies of the relevant state court record for the Court's review. Upon a review of those documents, the undersigned has now determined that the petition is indeed, untimely. Accordingly, ground one fails to support a finding of equitable tolling.

As to grounds two, three, four and five, the petitioner asserts that he is entitled to equitable tolling because he is proceeding *pro se*, is uneducated and/or unschooled in the law, that he had no knowledge of the one-year time limitation; and that his imprisonment hinders his ability to obtain help. However, even if true, not one of these claims is sufficient to support a finding of equitable tolling.

Accordingly, the undersigned is of the opinion that the petitioner has failed to meet the requirements for equitable tolling. Petitioner has not shown that extraordinary circumstances existed that were beyond his own conduct or control that prevented him from timely filing his § 2254 petition.

## V. Recommendation

For the foregoing reasons, it is recommended that the Respondent's Motion to Dismiss Petition as Untimely Filed (dckt. 60) be **GRANTED** and the petitioner's § 2254 petition be **DENIED** and **DISMISSED with prejudice.** In light of this finding, it is recommended that the following motions be denied:

7

(1) Motion for Summary Judgment (dckt. 36);

(2) Motion to Alter or Amend Judgment (dckt. 58);

(3) Motion to Dismiss Respondent's Motion (dckt. 66);

(4) Motion for Temporary Restraining Order (dckt. 76); and

(5) Motion for Jury Trial (dckt. 78).

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

DATED: May 21, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE