# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

WILLIAM A. LARUE,

    Petitioner,

v.                                                     CIVIL ACTION NO. 3:06-CV-82
                                                                    (Judge Bailey)

WARDEN TERESA WAID,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled case came before the Court for consideration of the Report and Recommendation ("R & R") of Magistrate Judge John S. Kaull, dated May 21, 2007 [Doc. 102]. The petitioner filed his Objections [Doc. 103 & 104] on June 1, 2007. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review.

The petitioner first attempts to appeal the Magistrate Judge's decision on non-dispositive motions. Upon review of the record the Court finds that the petitioner failed to show that the Magistrate Judge's decision on motions was clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's Order on Motions [Doc. 100] is **AFFIRMED**. The petitioner does not object to the Magistrate Judge's calculation that the period for the timely filing of his petition expired on August 16, 2004, nearly two full years before he filed the instant petition in August 2006. LaRue raises an overall objection "to the entire Opinion/Report and Recommendation," claiming the Magistrate Judge ignored facts showing

that extraordinary circumstances beyond his control should excuse the late filing of the petition. LaRue continues, arguing that poor access to legal materials, his attorney's failure to file an appeal, and a trial judge's refusal to provide him with free trial transcripts excuse the late filing of his petition.

The Court will grant equitable relief and toll the limitation period set forth under 28 U.S.C. 2244(d) only in "rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result." **Harris v. Hutchinson**, 209 F.3d 325, 330 (4th Cir. 2000). Any grounds for tolling the statute of limitations must be impediments that *actually prevented* the petitioner from preparing his Motion under 28 U.S.C. 2254. As the Seventh Circuit held in **Lloyd v. Vannatta**, *"*[f]or equitable tolling to excuse an untimely filing, a prisoner must demonstrate that he could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." **Lloyd v. Vannatta**, 296 F.3d 630, 634 (7th Cir. 2002)(internal quotations omitted).

Since LaRue was in fact able to prepared and submit this petition without free trial transcripts, he has not shown how poor access to legal materials, counsel's failure to file an appeal or the trial court's failure to provide him with free trial transcripts caused him to file the action *two years* beyond the statutory filing deadline.

Therefore, after reviewing the above, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED**. The Court **ORDERS** that the petition [Doc. 1] be **DENIED and DISMISSED WITH PREJUDICE** based on the reasons set forth in the Magistrate Judge's Report and

Recommendation. It is further **ORDERED** that this action be, and is, hereby **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit true copies of this Order to the petitioner and all counsel of record herein.

**DATED:** August 8, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE